Albert H. CARTER and Richard E. Chapman, Plaintiffs-Appellants,

v.

V. Bailey THOMAS, Clerk, U. S. District Court, etc., Defendant-Appellee.

No. 75–1657
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 5, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

---

Albert H. Carter and Richard E. Chapman, pro se.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Albert Carter and Richard Chapman brought this class action to challenge the method in which in forma pauperis petitions by inmates are handled by the United States District Court for the Southern District of Texas. It is alleged that all in forma pauperis petitions by inmates are referred to United States Magistrates prior to filing or issuance of process, and that the process of review and recommendation by Magistrates in the Southern District takes months and sometimes more than a year to complete. Only after this process is completed may the complaint be filed, process be served, and the lawsuit begun in earnest. Plaintiffs recognize that 28 U.S.C. § 1915, the statute governing in forma pauperis litigation, permits preliminary scrutiny of such petitions, but argue that the substantial differences in treatment of indigent and non-indigent litigants produced by the system in the Southern District renders the statute, as applied, violative of the Due Process and Equal Protection Clauses of the Constitution.

The District Court, and the Magistrate whose recommendation it accepted, apparently understood the plaintiffs' attack to be a different and broader one. It noted that there is no absolute right to proceed in forma pauperis in the federal courts; that it is left to the discretion of the district court to determine whether a petition is frivolous or lacking in merit; and that the fact that some delay results from the process by which that discretion is exercised does not necessarily render it unconstitutional. It dismissed plaintiffs' action for failure to state a claim for which relief can be granted.

This Court has since strongly reaffirmed those propositions of law. *Watson v. Ault*, 525 F.2d 886 (5 Cir. 1976). But the fact that some delay is inherent in a process does not provide constitutional immunity for extreme and unreasonable delays. Plaintiffs have alleged instances of twenty-one month intervals between submission of papers to the court and filing of the complaint. We have no way of knowing whether this allegation is true or, if true, whether such delay is highly atypical or is subject to reasonable explanation. We hold only that this complaint states a claim upon which relief may be granted. Differences of this magnitude in treatment accorded indigents and non-indigents cannot be brushed away. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). They must be scrutinized and either justified or ended.

We note that *Watson v. Ault* has done away with that part of this lawsuit which sought immediate filing of indigent petitions. The opinion requires that "where the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case . . . ." 525 F.2d at 891. However, the Court in

that case declined to require the other relief sought by plaintiffs: the immediate service of process. *Id.* at 893. For that reason, this controversy remains a live one.

Reversed and remanded.