Daniel Neal QUALLS, Plaintiff-Appellant,

v.

Bill SHAW, District Clerk, Dallas County, Texas, Defendant-Appellee.

No. 75–3206

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

---

5. We feel it appropriate to state that this is not the usual summary judgment case. When the partial summary judgment was granted, there had been extensive discovery and the facts were well established, as will be seen by reference to the opinion of the district court.

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Daniel Neal Qualls, pro se.

John L. Hill, Atty. Gen., Austin, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

This case came before us on appellant's motion for appointment of counsel. From the record it is readily apparent that the judgment below should be summarily vacated and the cause remanded. See *Montgomery v. Caldwell*, 5 Cir. 1972, 457 F.2d 767; *Washington v. Beto*, 5 Cir. 1970, 424 F.2d 1035.

The appellant, an inmate of the Texas prison system, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Appellant alleged that preparatory to filing a motion for collateral relief challenging the composition of the grand jury, he requested of the Clerk of the Dallas County Court the costs of sending him copies of records of another similar lawsuit and of the grand jury lists for 1970, 1971, and 1972. The request was not acknowledged. Appellant again requested the information, but was advised that the clerk was unable to give out that information. Appellant alleged that the records he sought are regularly made available to others. He sued the clerk for $150,000 in damages and requested an order directing the clerk to provide the information requested.

The district court summarily dismissed the complaint, holding that appellant's appropriate remedy to challenge his conviction is by way of habeas corpus, citing *Preiser v. Rodriguez*, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439. This appeal followed.

The district court erred in its analysis of appellant's complaint. *Preiser* provides that a state inmate may not utilize the civil rights act to challenge his conviction, thus by-passing habeas corpus procedures and the requirement that he exhaust state remedies. In this case, the appellant is not challenging his conviction and he is not seeking his release from custody. He is claiming that he had been denied access to records which are made available to others and has been subjected to discriminatory treatment. Were he to prevail in this action the court's opinion would not impinge in any manner on the validity of his criminal conviction, and therefore habeas corpus is not an appropriate remedy and the district court's reliance on *Preiser* is misplaced. *Cf. Fulford v. Klein*, 529 F.2d 377 (5th Cir.), *reh. en banc granted.*

Clearly, the district court erred in dismissing the complaint. In the interest of judicial economy, we vacate the judgment below and remand to allow the district court to call for a response from the de-

320

fendant and for whatever further proceedings the court deems necessary.