Thomas E. HILL, Plaintiff-Appellant,

v.

Perry M. JOHNSON, Jr., Clerk 19th Judicial District Court of East Baton Rouge Parish, Louisiana, Defendant-Appellee.

No. 76–1992

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1976.

Thomas E. Hill, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendant-appellee.

Before CLARK, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

Thomas E. Hill, appellant, is confined in a Texas prison for causes unrelated to the present litigation. Pleading 42 U.S.C.A. § 1983 as a jurisdictional basis, Hill sued the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, seeking to have a 1956 felony conviction in that court declared constitutionally invalid and to have it expunged from the Court's records.[1] The complaint specifically states that the sentence from that conviction has been satisfied and that he is no longer under any form of restraint pursuant to that conviction.

The district court treated the suit as a petition for a writ of habeas corpus and dismissed for failure to exhaust state remedies.

The characterization of the appellant's complaint as a petition for habeas corpus is incorrect. There is no restraint on appellant sufficient to satisfy the "in custody" requirement of 28 U.S.C.A. § 2254.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. There was no prayer for monetary relief in the complaint, and we pretermit consideration of the immunity issue. *See Qualls v. Shaw,* 535 F.2d 318 (5th Cir. 1976).

**440**

The sole function of the writ is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. *Pierre v. United States,* 525 F.2d 933 (5th Cir. 1976).

■ Nevertheless, on the basis of *Carter v. Hardy,* 526 F.2d 314 (5th Cir. 1976), we affirm the judgment of the district court.

AFFIRMED.