Jack RHEUARK, Plaintiff-Appellant,

v.

Bill SHAW, Clerk of Dallas County Court, and the State of Texas, Defendants-Appellees.

No. 76–1486.

United States Court of Appeals, Fifth Circuit.

March 3, 1977.

Jack Rheuark, pro se.

John T. Mitchell, Dallas, Tex. (Court-appointed—not under the act), for plaintiff-appellant.

Henry Wade, Criminal District Atty., Dallas, Tex., for defendants-appellees.

Before MORGAN and HILL, Circuit Judges, and NOEL,* District Judge.

JAMES C. HILL, Circuit Judge:

The issue in this case is whether a prisoner's suit for damages and injunctive relief against a state court clerk and court stenographer for their alleged failure to forward a state trial court transcript to the state appellate court is in the nature of a civil rights suit or a habeas corpus petition. Since we conclude that the action is in the nature of a civil rights suit, we reverse the dismissal by the district court and remand for further proceedings.

Appellant, Jack Rheuark, filed a complaint in the district court seeking injunctive and monetary relief against the clerk of the Dallas County Court and the court reporter pursuant to 42 U.S.C.A. § 1983. Appellant was convicted of armed robbery in a Texas state court and sentenced on February 10, 1975. His attorney promptly filed a notice of appeal to the Texas Court of Criminal Appeals. The state trial court then ordered that the transcript of the trial be prepared at state expense. Approximately twelve months thereafter, appellant instituted the instant proceeding against the court clerk and the court stenographer alleging that they were unreasonably delaying the preparation and transmittal of his state trial court records because of his indigent status. Appellant contends that the actions of the defendants discriminate against him and deny him equal access to the appellate process.

The district court dismissed the complaint. It concluded that appellant's proper remedy was a habeas petition since he was challenging his physical imprisonment. This appeal was then perfected.

Subsequent to the dismissal, appellant filed a habeas petition in the district court, alleging speedy trial violations and other constitutional errors in his Texas robbery trial. The district court denied relief on the basis that appellant's state appeal was pending and, thus, he had failed to exhaust his state remedies.

On appeal from the dismissal of his habeas petition, this court reversed. *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976). Noting that the district court took no notice of appellant's allegation that fifteen months of unexcused delay in preparing a transcript had rendered his state remedies practically unavailable, we remanded the case to the district court "with instructions to determine if the delay in preparing a transcript of [appellant's] state trial has been justifiable." *Id.* at 1283. Thus, after two years, two district court cases, and now two appellate decisions, appellant remains without a transcript ordered furnished to him by the state court two years ago, and which he must have in order to prosecute his appeal. In addition, appellant has made a variety of requests directed to the Texas state courts to no avail.

Suits against state court clerks are not particularly uncommon in this circuit and have uniformly been considered civil rights actions. The most analogous case to the one *sub judice* is *Qualls v. Shaw,* 535 F.2d 318 (5th Cir. 1976). In *Qualls,* a state prisoner, preparatory to filing a motion for collateral relief, requested of the court clerk the cost of sending him copies of records of another similar lawsuit and of the grand jury lists for 1970, 1971 and 1972. The request was not acknowledged. The prisoner alleged that the records he sought were regularly made available to others. He sued for monetary relief and requested an order directing the clerk to provide the information requested. The district court dismissed the complaint as in the nature of habeas corpus. In reversing, this court said:

* Senior District Judge for the Southern District of Texas, sitting by designation.

The district court erred in its analysis of appellant's complaint. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) provides that a state inmate may not utilize the civil rights act to challenge his conviction, thus bypassing habeas corpus procedures and the requirement that he exhaust state remedies. In this case, the appellant is not challenging his conviction and he is not seeking his release from custody. He is claiming that he has been denied access to records which are made available to others and has been subjected to discriminatory treatment. Were he to prevail in this action the court's opinion would not impinge in any manner on the validity of his criminal conviction, and therefore habeas corpus is not an appropriate remedy and the district court's reliance on *Preiser* is misplaced.

Id. at 319.

*See also Hill v. Johnson,* 539 F.2d 439 (5th Cir. 1976); *Carter v. Thomas,* 527 F.2d 1332 (5th Cir. 1976); *Carter v. Hardy,* 526 F.2d 314 (5th Cir. 1976).

Also relevant to our inquiry in the instant case, the inmates in *Carter v. Thomas, supra,* alleged that the procedure utilized by the court with regard to *in forma pauperis* petitions took months and sometimes more than a year to complete. In finding that the complaint stated a claim for which relief could be granted, this court stated:

But the fact that some delay is inherent in a process does not provide constitutional immunity for extreme and unreasonable delays. Plaintiffs have alleged instances of twenty-one month intervals between submission of papers to the court and filing of the complaint. We have no way of knowing whether this allegation is true or, if true, whether such delay is highly atypical or is subject to reasonable explanation. We hold only that this complaint states a claim upon which relief may be granted. Differences of this magnitude in treatment accorded indigents and non-indigents cannot be brushed away. They must be

scrutinized and either justified or ended. (citations omitted) 527 F.2d at 1333.

Of course, the particular factual situation of this case is dissimilar in some respects. The controversy in this case is much more intertwined with the administration of the state appellate courts. However, appellant does not ask for any relief from his sentence in this action, nor does he ask that the federal court order him released from confinement or modify, in any respect, the conditions of his confinement. The only possible effect that this action might have upon appellant's confinement would be that, if he can obtain the transcript to appeal, and if his appeal should be successful, he would escape confinement on the state sentence. However, he would not do so by order of this court, but as a result of a decision obtained from the appellate courts of the State of Texas. This case was cognizable as a 1983 suit. It should have been filed, served, and tried.

In sum, the history of this case demonstrates the plight all too often encountered by *pro se* litigants. The appellant in this case has been doing his dead-level best to obtain the transcript of his trial so that he may be afforded the opportunity of appealing his case. Unfortunately, he has repeatedly had to invoke the federal judicial system in his effort to resolve a rather simple situation that should have been handled promptly and efficiently in the state courts. The inordinate delay evident in this case should have been corrected without the necessity of "making a federal case out of it."

REVERSED and REMANDED.