John D. DOESCHER

v.

W. J. ESTELLE, Jr.

No. CA 3–77–584–F.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 31, 1979.

Tedford E. Kimbell, Janet L. Babcock, Allen, Knuths, Cassell & Short, Dallas, Tex., for petitioner.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

John D. Doescher was indicted on January 20, 1975, in Cause No. F–75–207–JI, for the offense of aggravated robbery with a deadly weapon alleged to have been committed on or about January 4, 1975. On March 10, 1975, Petitioner was tried before a jury upon his plea of not guilty. The jury found him guilty of the offense alleged in the indictment. The trial court assessed punishment and confinement for seventy-five years in the Texas Department of Corrections.

Petitioner appealed his conviction to the Texas Court of Criminal Appeals. The statement of facts was completed on December 6, 1976, the record on appeal was approved by the Criminal District Court on January 19, 1977, and was forwarded to the Texas Court of Criminal Appeals on April 22, 1977 where it was received on April 25, 1977. The Texas Court of Criminal Appeals affirmed Doescher's conviction on September 27, 1978, and a motion for rehearing was denied on March 21, 1979. (See *Doescher v. State,* 578 S.W.2d 385 (Tex. Crim.App.1978).

On April 28, 1977, Doescher filed a writ of habeas corpus petition in the Federal District Court for the Northern District of Texas alleging that he had been denied his right to an effective appeal and the District Court appointed counsel to represent the Plaintiff on November 8, 1977. On August 10, 1978, prior to the decision by the Texas Court of Criminal Appeals on the merits of Doescher's appeal of his conviction, this Court held that there was an inordinate and unjustified delay in processing Doescher's appeal at the trial court level, but that the delay in processing Doescher's delay before the Texas Court of Criminal Appeals was not unjustified. *Doescher v. Estelle,* 454

F.Supp. 943 (N.D.Tex.1978). Therefore, the Court dismissed Doescher's habeas corpus claims without prejudice for failure to exhaust because the delay in processing his appeal was justified when viewed as a whole. This Court also permitted Doescher leave to refile his habeas corpus petition if the Texas Court of Criminal Appeals acted with undue delay in processing his appeal. *Id.; Parker v. State of Texas,* 464 F.2d 572 (5th Cir. 1972).

One month after this Court rendered its decision, the Texas Court of Criminal Appeals affirmed Doescher's conviction, and therefore the United States Court of Appeals for the Fifth Circuit dismissed the appeal of *Doescher v. Estelle,* 454 F.Supp. 943 (N.D.Tex.1978) as moot in an opinion issued on May 22, 1979. *Doescher v. Estelle,* 597 F.2d 281 (5th Cir. 1979).

Petitioner requested that this Court reopen his case and hear his application for habeas corpus because he had now exhausted his state remedies. Counsel for Respondent advised this Court that it had no objection to reopening of Petitioner's case, and the Court reopened the case and permitted Doescher to file a second amended application for writ of habeas corpus.

Doescher alleges that three constitutional infirmities occurred in connection with his case which require that he be granted immediate release from prison, and a new trial:

(1) petitioner was denied his constitutional right to a speedy appeal;

(2) an in-court identification of Petitioner was tainted by an impermissibly suggestive pretrial photographic lineup; and

(3) the evidence used against Petitioner at his trial was obtained through an unconstitutional search and seizure.

*Right to Speedy Appeal*

The facts surrounding the 20-month delay in the preparation of Petitioner's trial transcript have been exhaustively detailed in this Court's two earlier opinions, *Doescher v. Estelle,* 454 F.Supp. 943 (N.D. Tex.1978) and *Rheuark v. Shaw,* 477 F.

Supp. 897 (N.D.Tex.1979). Although there is no Sixth Amendment right to speedy appeal, *Colunga v. State,* 527 S.W.2d 285 (Tex.Crim.App.1975); *State v. Lagerquist,* 254 S.C. 501, 176 S.E.2d 141 (1970), *cert. den'd.,* 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971); *Doescher v. Estelle,* 454 F.Supp. 943 (N.D.Tex.1978), substantial delay in processing of an appeal may constitute a denial of due process, *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966), *cert. den'd.,* 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967); *Rheuark v. Wade,* 540 F.2d 1282 (5th Cir. 1976); *Rheuark v. Shaw,* 547 F.2d 1257 (5th Cir. 1977); *Doescher v. Estelle,* 454 F.Supp. 943 (N.D.Tex.1978) (and cases cited therein), and a Court need not make a finding of actual prejudice in order to find a denial of due process in the processing of an appeal. *Doescher v. Estelle, supra.*[1] In *Rheuark v. Shaw,* I found that the 20-month delay in the preparation of Doescher's trial transcript violated his constitutional right to due process of law and, for the reasons stated in that opinion, I reiterate that finding today. The remedy for the violation of due process that occurred in this case, however, is not, as Petitioner suggests, release from custody, after which the state would have the option to retry the Petitioner, but rather the opportunity to seek damages under the Civil Rights Statutes for this constitutional violation. *Rheuark v. Shaw,* 547 F.2d 1257 (5th Cir. 1976); *Rheuark v. Shaw,* 477 F.Supp. 897 (N.D.Tex.1979).[2] I considered Doescher's complaint for damages in *Rheuark v. Shaw,* and Doescher is not entitled to habeas corpus relief for the violation of his constitutional due process rights to a speedy appeal.[3]

1. Assuming that the Defendant must show actual prejudice before a court could find a denial of due process in processing an appeal, I find that Doescher has made such a showing. Doescher has languished in jail while the judicial system has slowly creaked to make a final determination on his guilt, innocence, constitutional claims or conduct of the trial. It is true that in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) the Supreme Court held that a finding of actual prejudice was necessary when a defendant was complaining about pre-indictment delays in bringing his case to trial. However, pre-indictment delays, such as those in *Marion* and *Lovasco,* did not involve imprisonment of the defendant awaiting indictment.

2. In *Doescher v. Estelle,* 454 F.Supp. 943 (N.D. Tex.1978) I noted that a court may consider a variety of remedies when substantial delay occurs in the processing of an appeal. These include review of the defendant's appeal, *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966); reconsideration of bail, *Morales Roque v. People of Puerto Rico,* 558 F.2d 606 (1st Cir. 1976); *Rivera v. Concepcion,* 469 F.2d 17 (1st Cir. 1972); *Aronson v. May,* 85 S.Ct. 3, 13 L.Ed.2d 6 (1964); *Calley v. Callaway,* 496 F.2d 701 (5th Cir. 1974); damages under the civil rights statutes, *Rheuark v. Shaw,* 547 F.2d 1257 (5th Cir. 1976); or release from prison, *Strunk v. U. S.,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), (remedy for denial of speedy trial of setting aside conviction and dismissing indictment.)

The Texas Court of Criminal Appeals has finally reviewed Doescher's appeal, so it is un-necessary for me to do so except under the usual habeas corpus rules. Petitioner has requested that he be released on bail pending final disposition of his habeas corpus application, but although the petitioner raises substantial constitutional claims, I do not believe that he has a high probability of success on these claims nor do I find any extraordinary or exceptional circumstances exist which make the granting of bail necessary to make the habeas remedy effective. *Calley v. Callaway,* 496 F.2d 701 (5th Cir. 1974). I reviewed Doescher's request for damages under the Civil Rights statutes in *Rheuark v. Shaw,* 477 F.Supp. 897 (N.D.Tex.1979) and I hereby determine that in this case release from prison is not appropriate as a remedy for substantial delay in processing Doescher's appeal, although it might be a proper remedy in a different case.

3. My decision cannot be reconciled with a recent decision by the District Court of Guam, Appellate Division. *People of Territory of Guam v. Olsen,* 462 F.Supp. 608 (D.C.Guam 1978). In that case the court held that a delay of more than two years in production of a trial transcript was so unreasonable and destructive of the right to a speedy appeal as to render the conviction reversible as a matter of law with no showing of prejudice being necessary. The Court relies on three D.C. Circuit opinions, *Holmes v. United States,* 127 U.S.App.D.C. 332, 383 F.2d 925 (1967); *Blunt v. United States,* 131 U.S.App.D.C. 306, 404 F.2d 1283 (1968); and *Kinard v. United States,* 135 U.S.App.D.C. 237, 418 F.2d 453 (1969), none of which hold that a defendant should be released from prison for an excessive delay in the preparation of his transcript.

*In Court Identification*

Petitioner was identified in Court by two witnesses to the robbery at his 1975 trial. Both of the witnesses had previously been shown the Petitioner's photograph in a pretrial photographic lineup. Before the in-court identification, Petitioner's counsel requested a hearing on the question of whether the witness's identification had been prejudicially affected by their viewing the photographs outside of court. After a hearing, the judge held that the pretrial photographic lineup was not impermissibly suggestive and allowed the witnesses to identify the Petitioner in court.

At the hearing both eye-witnesses testified that they had been robbed by Petitioner. Michael Scoville testified that on January 10, 1975, six days after the robbery, police officer Leo L. Porter brought him a group of seven black and white photographs from which he selected Petitioner's picture as the man who had robbed him. He later testified unequivocally that his in-court identification of Petitioner was based upon his memory at the time of the commission of the offense and not on the photographic display.

Theresa Howell testified similarly that on January 9, 1975, five days after the commission of the robbery, police officer D. H. Pheiffer showed her the same photographic display and she selected Doescher as the man who had robbed her. She also testified that her identification of Petitioner on the day of the hearing was based upon a recollection from the time of the commission of the offense and not on the photographic display.

█ The trial court found that the witnesses' in-court identification was not influenced by the photographic display and that such identification "is based solely on the witnesses having viewed the Defendant, at the time, and the place alleged in the indict-

ment." These findings are entitled to the presumption of correctness under 28 U.S.C. § 2254. *Lavallee v. Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *Thompson v. Linn,* 583 F.2d 739 (5th Cir. 1978); *Banda v. Estelle,* 519 F.2d 1057 (5th Cir.), cert. den'd., 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975).

Petitioner argues that at the hearing the witnesses were not asked to testify regarding their eyesight, the actual length of time they were able to observe the suspect, the pre-lineup description they gave the police, any identification of any other person prior to the lineup, nor the possible failure to identify the Defendant on a prior occasion. These are some of the considerations to be weighed by the trial court in determining the validity of a pretrial lineup. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

█ Assuming, without holding, that the trial court is required to make specific findings regarding each of the factors set forth in *Wade,* I find that his failure to do so was harmless error when considered in light of the entire trial. Scoville testified that he saw Petitioner the night of the robbery under bright lights, at close range for a long period of time, and that Petitioner wore no mask at the time. Similarly, Howell testified that she saw the Petitioner at close range for one minute, and that he wore no disguise. The photographic display itself reflects no impermissible suggestiveness, and there is no suggestion that there was any discrepancy between any pre-lineup description and that Defendant's description or any failure to identify the Defendant on a prior occasion. Thus, given the totality of the circumstances, I find that the photographic display was not impermissibly suggestive, and any failure of the trial judge to inquire as to each of the factors listed in *United States v. Wade,* was harmless error beyond a reasonable doubt. *See*

The Guam court apparently failed to conduct a hearing concerning the reasons for the delay, although the court distinguished its facts from those found in the D.C. Circuit decisions. See, e. g., *Odsen v. Moore,* 445 F.2d 806 (1st Cir. 1971); *United States ex rel. Senk v. Brierley,*

471 F.2d 657 (3rd Cir. 1973). This court's research has uncovered no other case in the nation where a delay in the processing of an appeal has entitled the prisoner to a writ of habeas corpus and immediate release from prison.

*Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

*Alleged Unconstitutional Search and Seizure*

■ Petitioner's home was searched pursuant to a search warrant based on an affidavit by Sgt. Pheifer. A consent to the search was also obtained from Petitioner's wife. The Texas Court of Criminal Appeals held that this search was unconstitutional because there was no probable cause for the warrant and Petitioner's wife's consent was not voluntary. The Court then held that this constituted harmless error because the items seized during the search were not admitted into evidence at the trial. On motion for rehearing the Court noted that although the seized items were not formally introduced into evidence, they were exhibited before the jury after testimony had been admitted that they had been taken as a result of the search. Therefore, the Court reexamined the issue of probable cause and held that the affidavit was sufficient to show probable cause for the search. The Court did not overturn the previous holding that Mrs. Doescher's consent was involuntary and could not be the basis for validating the search.

In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In *O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir. 1977) the Fifth Circuit held that as long as the habeas petitioner has the opportunity for a full and fair hearing upon a Fourth Amendment claim, that claim may not be raised in federal habeas corpus. An allegation that the state courts incorrectly decided the constitutional claim does not evade the holding of *Stone v. Powell. Swicegood v. Alabama,* 577 F.2d 1322 (5th Cir. 1978);

*O'Quinn v. Estelle,* 574 F.2d 1208 (5th Cir. 1978).

Petitioner claims that he raised six arguments before the appellate court regarding the search and seizure of items at his home but that the appellate court considered only some of those arguments. Petitioner requests that this Court consider those arguments which were not considered by the state appellate court.

Petitioner filed a motion to suppress evidence and had an extensive hearing on its motion in the trial court, after which the trial court entered findings of fact and conclusions of law. The issue was also fully discussed in the Texas Court of Criminal Appeals. After a review of the record, I conclude that the Petitioner has had a full and fair litigation of this matter, and if he wished to pursue his Fourth Amendment claims further, he had an opportunity to appeal to the United States Supreme Court from the decision rendered by the Texas Court of Criminal Appeals, an option which he did not pursue.

Petitioner's application for writ of habeas corpus relief is hereby DENIED in all respects.

It is so ORDERED.