**Richard Larry SATTERLEE,
Plaintiff-Appellant,**

v.

**Edward M. KRITZMAN, Clerk, U. S.
District Court, Central District of
California, Defendant-Appellee.**

No. 78–2943.

United States Court of Appeals,
Ninth Circuit.

Submitted July 2, 1980.

Decided Aug. 15, 1980.

Richard Larry Satterlee, in pro. per., on brief.

Stephen D. Petersen, Asst. U. S. Atty., Los Angeles, Cal., on briefs, for defendant-appellee.

Before MARKEY,* Chief Judge, and WALLACE and SKOPIL, Circuit Judges.

PER CURIAM:

Satterlee appeals from the district court's award of summary judgment to Kritzman, the clerk of the United States District Court for the Central District of California. Satterlee alleged that Kritzman deprived him of his First, Fourth, Fifth, and Sixth Amendment rights by delaying eight months before forwarding the district court file relating to Satterlee's habeas corpus petition to this court for review. We find that this eight-month delay did not violate any of Satterlee's constitutional rights. We affirm.

Satterlee mailed a habeas corpus petition to the district court on January 4, 1977. Because of procedural difficulties Satterlee filed a second, similar petition. On February 22 and 25, 1977, the district court denied both petitions. On March 4 Satterlee mailed to our court a request for a certificate of probable cause, a motion for leave to appeal *in forma pauperis*, a motion for appointment of counsel, and a motion to consolidate the two cases. Our docket sheet for this case reveals that we requested the district court file shortly after March 11, 1977. Satterlee alleges that on June 6 and on September 26, 1977 he contacted this court concerning the status of his case. Our court requested the district court file for a second time on or shortly after October 26. The file was received on November 18. On December 15 Satterlee's request for

---

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

the certificate of probable cause and his motions were denied for failure to exhaust state remedies. Satterlee's subsequent request for reconsideration was denied on March 9, 1978.

On March 2, 1978, Satterlee filed this suit against the clerk of the district court requesting: (1) a declaratory judgment that the failure to transmit the file violated Satterlee's constitutional rights, (2) an injunction prohibiting the clerk from violating Satterlee's constitutional rights or seizing court records, and requiring him to transmit the files and to comply with the Federal Rules of Appellate Procedure and other legal duties, and (3) compensatory and punitive damages. Based on a magistrate's report, the district court granted summary judgment to the clerk.

Satterlee asserts a cause of action based directly on the Constitution, relying on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also, Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The basis of Satterlee's claim is that the clerk's delay in transmitting his file to this court delayed consideration of his motions and certificate request and thus violated Satterlee's due process rights.[1] We find that under the circumstances of this case, the clerk's delay was insufficient to deprive Satterlee of his constitutional rights.

Satterlee lost no substantive rights as a result of the clerk's eight-month delay in forwarding the district court file to our court, because Satterlee's request for a certificate and motions were ultimately denied for reasons independent of the delay. Since no substantive rights were forfeited, the essence of Satterlee's claim must be that the eight-month delay itself violated his constitutional rights.

It is true that in *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976) (per curiam), inmates successfully contended that the procedure utilized by the clerk of the district court with regard to *in forma pauperis* petitions, which caused delays of up to 21 months, violated the inmates' due process and equal protection rights. The Fifth Circuit held that the inmates had raised a claim of constitutional dimensions, saying, "that some delay is inherent in a process does not provide constitutional immunity for extreme and unreasonable delays," and that "[d]ifferences of this magnitude and treatment accorded indigents and non-indigents cannot be brushed away." 527 F.2d at 1333. Without passing upon whether we should follow *Carter*, it is obvious that Satterlee's case is distinguishable. There is no policy of discrimination here against petitions by indigents; all prospective habeas corpus appellants are required to obtain a certificate for appeal. Nor is there any genuine issue of fact that the clerk's delay was purposeful. The clerk's uncontested affidavit demonstrates that the delay was inadvertent. Moreover, the delay in Satterlee's case was less extreme than in *Carter*. We need not determine whether and under what circumstances a delay might give rise to a constitutional claim. It suffices to state that this is not such a case.

Satterlee also argues that the district court erred in not requiring the clerk to send him a copy of the file which was transmitted to this court. The district court properly found that because our court denied the motions to which the file pertained, the request for an order to transmit the file was moot. Satterlee's request for a copy was subsidiary to his request for an order to transmit the file and is also moot.

AFFIRMED.

---

1. Although Satterlee also claims that his First, Fourth, and Sixth Amendment rights were violated, these claims are frivolous.