**CITY OF PITTSBURGH and Mayor Richard S. Caliguiri, Plaintiffs,**

**v.**

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Defendant.**

Civ. A. No. 80–1396.

United States District Court, W. D. Pennsylvania.

April 27, 1981.

Marvin A. Fein, Virginia I. Cook, Asst. City Sol. of Pittsburgh, Pittsburgh, Pa., for plaintiffs.

Lee Morrison, John Levin, Pennsylvania Public Utility Commission, Harrisburg, Pa., for defendant.

OPINION AND ORDER

SIMMONS, District Judge.

Plaintiffs are the City of Pittsburgh and Mayor Richard S. Caliguiri. The City of Pittsburgh and Mayor Richard S. Caliguiri are Complainants and Intervenors in the rate case now pending before the Pennsylvania Public Utility Commission docket at

R–80011069 and captioned *Pennsylvania Public Utility Commission, et al vs. Duquesne Light Company*.

The Defendant is the Pennsylvania Public Utility Commission, hereinafter referred to as P.U.C., a state Administrative Agency established pursuant to 66 Pa. C.S.A. § 301, et al, with an office in Pittsburgh.

Plaintiff alleges that the P.U.C. regularly conducts rate hearings which are governed by the Federal Public Utility Regulatory Policies Act, 16 U.S.C. § 2601 et seq. Among such proceedings currently before that Commission is the above referred to Duquesne Light Company's rate case. The Plaintiffs, by petition, have requested the Defendant to make transcripts available to them at reproduction costs in the current rate-making proceeding involving Duquesne Light Company. Defendant has refused to make such transcripts available by interpreting 16 U.S.C. § 2632(c) to require only that Plaintiffs be entitled to purchase a transcript from an independent reporting service. The Independent Reporting Service charges $1.35 per page for transcripts, whereas the Defendant, using its own personnel and photocopying equipment could reproduce the transcript for less than $.15 per page. If Plaintiffs were supplied with copies of the transcript for reproduction, they could reproduce it for less than $.10 per page. Transcripts are estimated to exceed 3,500 pages in the Duquesne Light Company rate-making proceeding.

Plaintiffs allege three counts against the P.U.C. as follows:

Count I: That Defendant is in violation of 16 U.S.C. § 2632(c) by refusing to make transcripts available to parties and intervenors in rate-making proceedings.

Count II: Pursuant to 42 U.S.C. § 1983, Defendant, by custom and usage, has deprived Plaintiffs of their statutory right under 16 U.S.C. § 2632(c), to receive copies of transcripts at reproduction cost in rate-making proceedings and other proceedings relating to rates and rate design.

Count III: Defendant, by entering into a contract with reporting services, whereby intervenors and parties to proceedings are required to purchase a transcript from the reporting service and cannot reproduce the copies in Defendant's public files have entered into a contract which violates the Sherman Act and restrains trade in Interstate Commerce.

Plaintiffs seek a permanent injunction against these parties and procedures.

A Motion to Dismiss Complaint and a Motion for more Definite Statement were filed by Defendant, P.U.C. Defendant asks to dismiss the action on the basis of insufficiency of service of process; that the Complaint fails to state grounds upon which the Court's jurisdiction depends; that the Court lacks jurisdiction over the subject matter; and that the Court should dismiss because the principles of comity and abstention apply.

Defendant seeks a more definite statement in that Plaintiffs allege Defendant's contracts with court reporters is a restraint of trade; however, Defendant claims that Plaintiffs have not alleged how such contracts restrain trade, the specific acts of Defendant which restrained trade, the manner in which such activity violates 15 U.S.C. §§ 1 and 2, and the amount of Interstate Commerce involved.

This Court will not discuss all of the issues raised by the Defendant for the reason that the Federal Public Utility Regulatory Policies Act, 16 U.S.C. § 2633(a) expressly prohibits this Court from taking jurisdiction of the subject matter of this action.

A reason for dismissal of the instant case is the unequivocal prohibition against this Court taking jurisdiction of the subject matter, contained in 16 U.S.C. § 2633(a), which is the very statute under which Plaintiffs have attempted to bring this action. This act is commonly referred to as the "Public Utility Regulatory Policies Act of 1978", (hereinafter PURPA) 16 U.S.C. §§ 2601 et seq. The Act contains four subchapters. Subchapter III—"Intervention and Judicial Review", containing §§ 2631–2634, is the section with which we are concerned in the instant case. In par-

ticular, we are concerned with § 2633, "Judicial Review and Enforcement".

Section 2633(a) provides as follows:

"2633. Judicial review and enforcement

(a) Limitation of Federal jurisdiction. *Notwithstanding any other provision of law, no court of the United States shall have jurisdiction over any action arising under any provision of subchapter I or II of this Chapter or of this subchapter (Subchapter III except for:*

1) An action over which a court of the United States has jurisdiction under subsection (b) or (c)(2) of this section; and

2) Review of any action in the Supreme Court of the United States in accordance with §§ 1257 and 1258 of Title 28. (Emphasis added)."

Nothing could be clearer than the plain language of this statute. Thus "no court of the United States" has jurisdiction over actions under Subchapter I (Retail Regulatory Policies for Electric Utilities), Subchapter II (Standards for Electric Utilities), or Subchapter III (Intervention and Judicial Review), unless one of the exceptions of § 2633(a)(1) or (2) apply.

It is clear that the exceptions of § 2633(a)(2), "Review of any Action in the Supreme Court of the United States", is inapplicable. We must then look to "subsection (b) or (c)(2) of this section", (emphasis added) under § 2633(a)(1), to determine whether the instant case is such an action as to be an exception to the prohibition against this Court's jurisdiction.

Section 2633(c)(2) provides as follows:

"(c) Review and enforcement

(2) Any person, (including the secretary), may obtain review in the appropriate court of the United States of *any determination made* under subchapter I or II of this chapter or this subchapter by a *Federal agency* if such person (or the secretary) intervened or otherwise participated in the original proceeding or if otherwise applicable law permits such review. Such court shall have jurisdiction to grant appropriate relief. Any person, (including the secretary) may bring an action to enforce the requirements of subchapter I or II of this chapter or this subchapter with respect to any Federal agency in the appropriate court of the United States and such court shall have jurisdiction to grant appropriate relief. (emphasis added)."

It is clear that the instant case does not involve "any determination made ... by a Federal agency", so that *this exception* is inapplicable.

We are thus left with § 2633(b), as the only possible exception to the prohibition against jurisdiction. The language of that section is as follows:

"b) Enforcement of intervention rights

1) The Secretary (of the Department of Energy) may bring an action in any appropriate court of the United States *to enforce his right to intervene and participate under § 2631(a) of this title,* and such court shall have jurisdiction to grant appropriate relief.

2) *If any electric utility or electric consumer having a right to intervene under § 2631(a) of this title is denied such right by any State court, such electric utility or electric consumer may bring an action in the appropriate United States district court* to require the State regulatory authority or nonregulated electric utility to permit such intervention and participation and such court shall have jurisdiction to grant appropriate relief.

3) Nothing in this subsection prohibits any person bringing any action under this subsection in a court of the United States from seeking review and enforcement at any time in any State court of any rights he may have with respect to any motion to intervene or participate in any proceeding."

So, the only action which may be asserted in a court of the United States under this section, is enforcement of a "right to intervene and participate under § 2631(a)." Therefore, turning to § 2631(a), we find the following language:

"§ 2631. Intervention in proceedings

(a) Authority to intervene and participate

*In order to initiate and participate in the consideration of one or more of the standards established by subchapter II of this chapter or other concepts which contribute to the achievement of the purposes of this chapter, the secretary, any affected electric utility, or any electric consumer of an affected electric utility may* inter- *vene and participate as a matter of right in any rate-making proceeding* or other appropriate regulatory proceeding relating to rates or rate design which is conducted by a State regulatory authority (with respect to an electric utility for which it has rate-making authority) or by a non-regulated electric utility. (emphasis added)"

We are left with the inescapable conclusion that this Court may have jurisdiction only if Plaintiffs are seeking to protect a right to "intervene and participate" in proceedings before the Commission. But, is that the sought after right? Clearly not, for Plaintiffs are in fact participating in the Duquesne Light rate proceeding, and have previously participated in proceedings before the Commission.

■ Even were the right to "receive a timely transcript" a right of participation, as Plaintiffs contend in their Brief in Support of Permanent Injunction, page 5, that right may not support jurisdiction in the instant case. Plaintiffs have cited only a portion of § 2633(b)(2) in their Brief, at page 5. The omitted language is as follows:

"b) Enforcement of intervention right

2) *If any electric utility or electric consumer having a right to intervene under § 2631(a) of this title is denied such right by any State court, such electric utility* or electric consumer may bring an action in the appropriate United States District Court to require the State regulatory authority or non-regulated electric utility to permit such intervention and participation, and such court shall have jurisdiction to grant appropriate relief." (emphasis indicates omission)

Thus, it is clear that denial of right of intervention, under § 2631(a), by a State

court, is a precondition to bringing such action in the appropriate United States District Court. Since no State Court has denied any such rights as Plaintiffs may have, this exception, even if otherwise applicable, would not apply in the instant case.

There is, furthermore, no support for Plaintiffs' assertion that receiving "timely transcripts" is recognized as part of the "rights of participation" under PURPA, since rights of participation are contained in one section, § 2631, and another section, § 2632(c), deals with transcripts. It is clear that had Congress intended that any rights to receive transcripts be part of rights of participation, they would appear in the same section. Nor does *Rheuark v. Shaw*, 547 F.2d 1257 (5th Cir. 1977), cited by Plaintiffs, lead to a conclusion that Plaintiffs may prevail herein. In that case, the State court had ordered that a free transcript be provided a criminal defendant, and the issue was whether unreasonable delay in providing the transcript (two years) was violative of Defendant's civil rights.

This Court may not take jurisdiction of this action in view of the clear Congressional prohibition. The section of PURPA dealing with transcripts is 16 U.S.C. § 2632(c). No other section of the Act refers to transcripts. § 2633(a) expressly prohibits jurisdiction, except, and only except, for the situations under § 2633(a)(1) and (2), as set forth in detail above. It is clear that § 2633(a)(2) does not apply; it is equally clear that this case involves no Federal agency determination, another exception under § 2633(a)(1). The remaining exception, under § 2633(a)(1), is an action "under subsection (b) . . . of *this section* " (emphasis added). "This section" is § 2633. There is no reference to transcripts under § 2633. Subsection (b) which is of course § 2633(b), refers only to "Enforcement of intervention right" under § 2631(a). § 2631(a) contains no reference to transcripts.

In summary then, § 2633 is an absolute prohibition against jurisdiction in a United States District Court, except for review of Federal agency determination or enforcement of rights to intervene and participate.

And, as a precondition to a party, (other than the Secretary of D.O.E.) bringing an action to enforce rights of participation and intervention, a State court must first deny such right. The section dealing with transcripts is § 2632(c), which is wholly independent of § 2633, and is not referred to in § 2633. It is no exception to the prohibition.

Plaintiff's position that *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), (hereafter Thiboutot), takes precedent (sic) over the limitations on jurisdiction set forth in 16 U.S.C. § 2633(a)", is without merit. In the first place, the case does not stand for the proposition "that a State may be sued pursuant to 42 U.S.C. 1983" as Plaintiffs suggest in the Brief in Support of Permanent Injunction, pg. 3. *Thiboutot* was litigated in the State Courts, and the Supreme Court of the United States granted certiorari from the decision of the highest State Court. The issue of whether the State could be sued was not raised and not decided. What *Thiboutot* did hold was that 42 U.S.C. § 1983 encompassed claims based on purely statutory violations of federal law. There was no issue of jurisdiction or Sovereign Immunity in that case. It should also be noted that although the Court held that a violation of the Social Security Act was actionable under 42 U.S.C. § 1983, this was consistent with a large number of cases that assumed *sub silentio* that § 1983 actions were proper to secure compliance with the Social Security Act.

The important point which the *Thiboutot Court* and every other court recognizes, is that no matter what rights exist under 42 U.S.C. § 1983, 28 U.S.C. § 1343(3) is the jurisdictional counterpart. 28 U.S.C. § 1343(3) supplies whatever jurisdiction exists for a § 1983 action in Federal Court. As a matter of fact, both § 1983 and § 1343(3) stem from the same original statute, § 1 of the Civil Rights Act of 1871. In 1874, the remedial rights portion of § 1 of that Act became § 1979 of the Revised Statutes, and has subsequently become 42 U.S.C. § 1983. The jurisdictional portion of § 1 of the Civil Rights Act of 1871 became

three sections in 1874, but these were subsequently merged into 28 U.S.C. § 1343(3). So, unless there is jurisdiction under 28 U.S.C. § 1343(3), or another jurisdictional statute, there is no jurisdiction in this Court.

█ Congress, and it alone, has the power to determine and limit the jurisdiction of the courts of which it is the creator. Constitution of the United States, Articles 1 § 8 and 3 § 1. That is why it is without reason for Plaintiffs to suggest that *Thiboutot* (even were it to stand for the proposition advanced) could supersede the limitations on jurisdiction set forth in 16 U.S.C. § 2633(a). For this to be true, the Supreme Court of the United States would have to have the sole and exclusive power to confer or limit jurisdiction in United States District Courts. It clearly does not have this power; Congress does. Obviously, both 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), are Acts of Congress. These statutes happen to confer jurisdiction. On the other hand, 28 U.S.C. §§ 1341 and 1342 are Acts of Congress which limit jurisdiction. It should be noted that §§ 1341 and 1342 limit District Court jurisdiction to exclude cases in which jurisdiction would lie (under, for example, 28 U.S.C. § 1331) but for the limiting statute. In other words, Congress both created jurisdiction and limited its application by other statutes.

The plain reading of 16 U.S.C. § 2633(a) is that it limits jurisdiction: "Notwithstanding any other provision of law, no court of the United States shall have jurisdiction. . . ." There is no difference between this limitation and that in 28 U.S.C. § 1341 or § 1342. It is clear that an action asserted by Plaintiffs must meet the jurisdictional requirements of 28 U.S.C. § 1331 (Federal question), § 1343(3) (42 U.S.C. § 1983 actions), or § 1337 (antitrust violations), in order for jurisdiction to obtain in this Court. It is equally clear that Congress has unequivocally excluded jurisdiction of District Courts of the United States over actions under 16 U.S.C. § 2601 *et seq.*, except for the specific instances in 16 U.S.C.

**1122**

§ 2633(a)(1) and (2). Since Congress could confer jurisdiction under 28 U.S.C. §§ 1331, 1343(3), and 1337, it can limit jurisdiction under 16 U.S.C. § 2633(a). For these reasons, the Complaint in the instant case must be dismissed.