Jessie D. McDONALD, Petitioner,

v.

The STATE OF TENNESSEE, et al., Respondents.

Civ. A. No. 3:87–0178.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 20, 1987.

On Motion To Reconsider
March 31, 1987.

On Motion To Dismiss
April 28, 1987.

Jessie D. McDonald, pro se.

Jerry Smith and Gordon W. Smith, Asst. Attys. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. Jessie D. McDonald applied *pro se* for the federal writ of habe-

as corpus. He is not currently in custody pursuant to the judgment of conviction (rendered January 19, 1974 by the Criminal Court of Tennessee for its (now) 20th Judicial District) the validity of which he seeks to challenge in this Court.

It appears that the applicant completed service of the sentence imposed upon such conviction ten or more years ago. He requests that this Court now declare such judgment was void and to order that his record be expunged.

This Court lacks the jurisdiction to entertain the petition herein as "[t]here is no restraint on [the petitioner] sufficient to satisfy the 'in custody' requirement of 28 U.S.C.A. § 2254. The sole function of the writ is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose." *Hill v. Johnson*, 539 F.2d 439, 439–440 (5th Cir. 1976).

Because "federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served," *Craig v. Beto*, 458 F.2d 1131, 1134 [5] (5th Cir.1972), the petition herein hereby is

DISMISSED summarily, Rule 4, Rules —§ 2254 Cases. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated as an application for a certificate of probable cause. Rule 22(b), F.R.App.P. As this Court is confident it lacks the jurisdiction to entertain the petition herein, such certificate shall NOT issue. *Id.*

## MEMORANDUM OPINION AND ORDER

### On Motion To Reconsider

The petitioner, Mr. Jessie D. McDonald, moved this Court to reconsider its order of March 20, 1987 dismissing his petition herein because of a lack of jurisdiction to entertain his claims. Mr. McDonald contends that this Court erred when it rendered the aforementioned order because it overlooked the fact that he suffers currently from harmful collateral consequences of his challenged-conviction.

The Court did not overlook such fact. It was simply not asserted by Mr. McDonald before this time; Mr. McDonald now asserts that he was denied an appointment with the Tennessee State Highway Patrol because of the challenged-conviction.

"Federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, unless the habeas petitioner sustains the burden of proving that he is under some form of restraint by virtue of the conviction. * * * In order to have standing to attack such a conviction the petitioner must show that he is presently suffering from harmful collateral consequences of the challenged conviction. *Carafas v. LaVallee*, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554." *Jackson v. State of Louisiana*, 452 F.2d 451, 452[1] (5th Cir.1971).

Mr. McDonald's allegation, that he was denied an appointment with such Patrol may constitute such a consequence. Therefore, the Court hereby GRANTS Mr. McDonald's motion herein, Rule 60(b)(1), F.R. Civ.P. It hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom and that a copy of the petition herein and of this order be served by the clerk of this Court by certified mail on the respondent-warden and the attorney general and reporter of Tennessee. Rule 4, Rules —§ 2254 Cases. The noticed slow movement of the mail constitutes good cause for the additional time granted.

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider the exhaustion-matter first and allow the respondent additional time thereafter in which to file a supplemental answer, addressing the merits of the petition, if indicated.

## MEMORANDUM OPINION, FINDING ORDER AND CERTIFICATE

### On Motion To Dismiss

The respondent answered, *see order* herein of March 31, 1987, and moved for a

dismissal of the application herein because it constitutes a successive petition. Rule 9(b), Rules—§ 2254 Cases. Such motion has merit.

It appears clear from the record that the sole issue herein, of whether Mr. McDonald was convicted of a crime not charged in the indictment returned against him, has been presented previously to a District Court, and; contrary to what Mr. McDonald contends, was decided on its merits. He first raised that issue in a motion to rehear an earlier petition for habeas corpus which had been denied by the District Court in a memorandum opinion of July 15, 1976.

The Court concluded that it could not consider the issue because the Supreme Court of Tennessee had not been given the opportunity to address such issue, therefore, rendering it unexhausted. The Court thus denied the motion on August 16, 1976. *See Jessie D. McDonald v. Vinson Thompson,* no. 76–173–NA–CV, Middle District of Tennessee.

Mr. McDonald exhausted his available state remedies subsequently with respect to the pertinent issue and then, in December, 1976, filed a document entitled "Petition For A Writ of Scire Facias; Or In The Alternative; A Writ of Habeas Corpus." The District Court treated such document as a motion to reopen his previous habeas corpus action so that such Court could consider the indictment issue.

Such Court held that "[i]nasmuch as such a determination involves only the interpretation of state law, no federally created right is at issue, and this court is without jurisdiction to entertain the petition." *Jessie D. McDonald v. Vinson Thompson,* no. 76–456–NA–CV, M.D.T. (February 2, 1977). The Court hereby FINDS that the issue now before this Court has thus been previously addressed and decided on the merits.

Pursuant to Rule 9(b), Rules—§ 2254 Cases, "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds." Mr. McDonald failed to allege a new or different ground from that which he alleged previously. Because the Court " 'is

satisfied that the ends of justice will not be served' by inquiring [farther] into the merits," *Sanders v. United States,* 373 U.S. 1, 12, 83 S.Ct. 1068, 1075, 10 L.Ed.2d 148 (1963), the respondent's motion herein hereby is

GRANTED, and the instant application DENIED as constituting a successive petition. The petitioner's motion for summary judgment on the merits hereby is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because the application herein constitutes a successive petition under Rule 9(b), *supra.*