145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony M. ESPARZA, Petitioner-Appellant,
v.
Benny ROLLINS, Warden; Grant Woods, Attorney General, of the
State of Arizona, Respondents-Appellees.
 No. 97-15919.
D.C. No. CV-95-02701-RGS.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998**.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Roger G. Strand, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony M. Esparza, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state conviction for burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Esparza's habeas petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and we affirm.
 
 
 3
 Esparza contends that the statements he made after his arrest were involuntary, and the state trial court erred by admitting them. This contention lacks merit.[1]
 
 
 4
 Although we review de novo a state court's finding that a statement is voluntary, we presume correct all underlying historical or subsidiary factual findings fairly supported by the record. See 28 U.S.C. § 2254(d) (1995); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991). A statement is voluntary if it is "the product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989). In analyzing whether statements were voluntary, we must consider the totality of the circumstances. See Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990).
 
 
 5
 Here, the record supports the conclusion that Esparza's statements were freely and voluntarily given, and Esparza has failed to identify any surrounding circumstances which overbore his free will or ability to think rationally. See Medeiros, 889 F.2d at 823. Accordingly, the Arizona trial court did not err by admitting Esparza's statements. See Collazo, 940 F.2d at 415.
 
 
 6
 Esparza's contention that the Arizona court should have given a criminal trespass or shoplifting jury instruction lacks merit. Because there was no fundamental unfairness in the trial court's failure to give the instructions, Esparza has failed to show that a due process violation occurred. See Duckett v. Godinez, 67 F.3d 734, 742 (9th Cir.1995).
 
 
 7
 To the extent Esparza contends that his sentence violates the Eighth Amendment because it is disproportionate to those sentenced under the revised code, Esparza has failed to demonstrate that his sentence would have been different had the amendment been in effect at the time he committed the crime. See A.R.S. § 13-1805(I).
 
 
 8
 Esparza's ex post facto challenge to the shoplifting statutory amendment lacks merit because it was not retroactively applied. See Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); A.R.S. §§ 13-1501 (West 1994), 13-1805 (West 1993).
 
 
 9
 Because Esparza has failed to allege any facts that would entitle him to habeas relief, the district court did not abuse its discretion by denying his section 2254 petition without an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).[2]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Esparza contends that the state court admitted false statements and perjured testimony, he fails to allege any facts with sufficient specificity to support his claim for relief. See Rule 2(c), 28 U.S.C. foll. § 2254
 
 
 [2]
 Because Esparza has failed to show the district court's delay in deciding his habeas petition was extreme or unreasonable, his due process challenge lacks merit. See Satterlee v. Kritzman, 626 F.2d 682, 683 (9th Cir.1980) (per curiam) (holding that a due process violation requires a showing of a loss of substantive rights). Also, Esparza's motion to expedite this appeal is denied as moot