United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20344
No. 06-20089
Summary Calendar

_____

CAREY BERNARD CALDWELL, also known as Bernard Talib Din Hasan,

Petitioner-Appellant,

versus

THE STATE OF TEXAS,

Respondent-Appellee,

*******************************************************************

CAREY BERNARD CALDWELL, also known as Bernard Talib Din Hasan,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
No. 4:05-CV-643
No. 4:05-CV-2529

--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carey Caldwell was convicted by a jury of aggregate theft by deception and sentenced to a 55-year term. He seeks certificates of appealability ("COA's") to appeal the dismissals of two actions that were considered as 28 U.S.C. § 2254 petitions by the district court. We have consolidated these matters for appellate review. See FED. R. APP. P. 3(b)(2).

To obtain a COA, Caldwell must make a substantial showing of the denial of a constitutional right. § 2253(c)(2). Such a showing requires that he "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court's denial of federal habeas relief is based on procedural grounds rather than the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 05-20344

Caldwell argues in No. 05-20344 that the district court erred by treating his filing as a federal habeas petition and dismissing it on the merits. He contends that the action did not seek relief from his conviction or his sentence.

Caldwell's district court filings complained that he had been denied a copy of his state trial records. He did not ask for any relief from his sentence, nor did he ask that the federal court order him released from confinement or modify, in any respect, the conditions of his confinement. Accordingly, his action should have been treated as a 42 U.S.C. § 1983 action seeking a copy of his state trial records. See Rhueark v. Shaw, 547 F.2d 1257, 1258 (5th Cir. 1977). The motion for a COA is granted. See Slack, 529 U.S. at 484. The judgment is vacated, and the matter is remanded for further proceedings. See Rhueark, 547 F.2d at 1258.

No. 06-20089

Caldwell contends in No. 06-20089 that the district court erred by dismissing his § 2254 petition without prejudice. Caldwell does not contest the district court's determination that his was a mixed petition because it contained both exhausted and unexhausted claims. He contends, however, that the decision to dismiss the § 2254 petition rather than to hold it in abeyance was an abuse of discretion, given that his petition will likely be time-

barred under § 2244(d) if he is required to refile after exhausting state remedies.

Caldwell has failed to show that reasonable jurists would find debatable the dismissal of his § 2254 petition in No. 06-20089 as a mixed petition. See Slack, 529 U.S. at 484; see also Rhines v. Weber, 544 U.S. 269, 278-79 (2005). Accordingly, The application for a COA in No. 06-20089 is DENIED.

NO. 05-20344: COA GRANTED; JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.

NO. 06-20089: COA DENIED.