**WILLIAMS v. STEELE, Warden**

No. 14427.

United States Court of Appeals
Eighth Circuit.

March 10, 1952.

H. Jackson Daniel, Jefferson City, Mo. (Salkey & Jones, St. Louis, Mo., on the brief), for appellant.

William Aull, III, Asst. U. S. Atty., Lexington, Mo. (Sam M. Wear, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

PER CURIAM.

The petition for rehearing implies that our opinion holds that there is no judicial remedy open to a person who has been legally convicted and committed for the commission of a crime and who is thereafter subjected to cruel and unusual punishment in violation of our Constitution. We do not consider our opinion susceptible to that construction, but in order that there be no question about it, we deem it desirable to say so in so many words.

The question involved is whether the writ of habeas corpus may be used for that purpose. We hold that it may not. As pointed out in the recent case of United States v. Hayman, 342 U.S. 205, 72 S.Ct.

263, under the common law a judgment of conviction rendered by a court of general criminal jurisdiction was conclusive proof that confinement was legal, and such a judgment prevented issuance of the writ without more. Congress extended the scope of the application of the writ in 1867, giving United States District Courts jurisdiction to go back of the judgment of conviction and determine if the proceedings preliminary to the judgment were such as to deprive the court of jurisdiction to proceed to judgment. It was and is our conclusion that the extent of the application of the writ has not been further extended to embrace the correction of alleged unconstitutional mistreatment by prison authorities subsequent to valid judgment and commitment. Since this is a habeas corpus case, that is the only question considered and decided.

The petition for rehearing is denied.