Earl Phillips pro se.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

133 So.2d 512

**Earl PHILLIPS**

v.

**STATE.**

**3 Div. 87.**

Court of Appeals of Alabama.

Oct. 3, 1961.

HARWOOD, Presiding Judge.

This is an appeal from an order of the court below granting the State's motion to dismiss a petition for writ of habeas corpus filed by the petitioner, and ordering the petitioner to be returned to the custody of the warden of Kilby Prison, there to remain until discharged by due process of law.

In the petition it is asserted that the petitioner's "confinement in the penitentiary per se is not the basic issue of this petition; that the basic issue concerns not the confinement alone but rather the cruel, unusual, and excessive punishment which is being inflicted upon him during his confinement in the Segregation Unit of Kilby Prison."

In the petition it is asserted that the petitioner (a) has sought treatment for chest pains and eye strain, but has been ignored by the resident physician, and has not been given a chest x-ray within three years; (b) that there is a lack of proper ventilation in the segregation cells; (c) that he does not receive an adequate diet in that the prisoners in the segregation cells receive only two meals a day, whereas the general prison population receives three meals a day; (d) that he asserts before and

after receiving visitors a guard is in attendance during his visitor's stay causing embarrassment to his visitors, and humiliation to the petitioner; (e) that the general inmates in Kilby Prison are allowed to write three letters each week, but that prisoners in the segregation unit are limited to one letter a week, and that his incoming and outgoing letters are censored, though with the petitioner's written permission; (f) that petitioner is confined with other prisoners "who by their irrational nature and insane behavior caused him much mental distress and loss of sleep" and that such a condition caused petitioner such an emotional state of mind as to endanger his sanity.

By Sections 1 and 24, Tit. 15, and Sections 3 and 11, Tit. 45, Code of Alabama 1940, the prison system of Alabama, and the operation thereof, is placed under the administration of the Board of Corrections.

As stated in Edmondson v. Warden of Md., 194 Md. 707, 69 A.2d 919, 920, "The Board of Corrections has full power and control over the House of Corrections. * * * Such complaints should be made to the Board of Corrections. It cannot be assumed that the Board will abuse or has abused its powers." And in Taylor v. United States, 9 Cir., 179 F.2d 640, 643, it is stated that, "It is not within the province of the courts to supervise the treatment of prisoners in the penitentiary, but only to deliver from prison those who are illegally detained." To the same effect are the conclusions reached in: Powell v. Hunter, 10 Cir., 172 F.2d 330; Dayton v. Hunter, 10 Cir., 176 F.2d 108; In re Taylor, 9 Cir., 187 F.2d 852; Williams v. Steele, 8 Cir., 194 F.2d 32; Collins v. Heinze, 9 Cir., 219 F.2d 233; Henson v. Welch, 4 Cir., 199 F.2d 367; Reynolds v. McFadyen, 259 Ala. 235, 66 So.2d 89; Wetzel v. Wiggins, 226 Miss. 671, 84 So.2d 795, 85 So.2d 469; Application of Dunn, 150 Neb. 669, 35 N.W.2d 673; Edmondson v. Warden of Md., supra; General Digest System, (H. C.) ⊜25.2(3).

The order of the court below dismissing the petition is due to be affirmed, and it is so ordered.

Affirmed.