PATTERSON, Judge.
Taylor appeals the summary dismissal of his pro se petition for writ of habeas corpus, challenging the legal right of the State to confine him in prison. He is serving a life sentence. He is represented on appeal by appointed counsel. He contends that the conditions under which he is confined constitute cruel and unusual punishment in violation of his rights guaranteed by the U.S. Const, amend. VIII and XIV and Ala. Const. Art. I, § 15. The allegations of the petition in this regard are that the petitioner is being improperly held in dangerous, crowded, and unsanitary conditions. He claims that the State has failed to take proper actions to alleviate the conditions complained of, which actions were required by federal court orders.
Appellant’s petition alleges essentially the same issues concerning prison conditions raised by the petitioners in Pugh v. Locke, 406 F.Supp. 318 (M.D.Ala.1976), affd in part sub nom. Newman v. State, 559 F.2d 283 (5th Cir.1977), affd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Pugh v. Locke is a pending and ongoing action, and appellant is a member of the plaintiff class in that suit.
The confinement in the penitentiary per se is not the basic issue of Taylor’s petition. The basic issue is the alleged cruel and unusual punishment being inflicted upon him in the Alabama prison system. He claims he is entitled to be released because of the treatment being accorded him by the prison officials. He does not question the validity of his original sentence.
The relief he seeks from alleged cruel and unusual treatment in the prison system is not cognizable under a writ of habeas corpus, and the appropriate remedy in this case for the claim of illegal conditions of confinement, if proved, would not be release from custody. Phillips v. State, 41 Ala.App. 393, 133 So.2d 512 (1961); Cook v. Hanberry, 596 F.2d 658 (5th Cir. 1979), revising 592 F.2d 248 (5th Cir.1979), cert. denied, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979); Maddux v. Rose, 483 F.Supp. 661 (E.D.Tenn.1980); Walker v. Graham, 438 So.2d 946 (Fla.1983); Amek Bin Rilla v. Israel, 113 Wis.2d 514, 335 *271 N.W.2d 384 (1983). The court stated in Cook v. Hanberry, supra:
“Assuming arguendo that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner is still not entitled to release from prison. Ha-beas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration. Granville v. Hunt, 5 Cir.1969, 411 F.2d 9, 12-13; see also Williams v. Steele, 8 Cir.1952, 194 F.2d 917, cert. denied, 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640. The relief from such unconstitutional practices, if proved, is in the form of equitably-imposed restraint, not freedom from otherwise lawful incarceration. See Konigsberg v. Ciccone, W.D.Mo.1968, 285 F.Supp. 585, 589, affd, 8 Cir.1969, 417 F.2d 161, cert. denied, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255 (1970). This is because the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. See Rheuark v. Shaw, 5 Cir.1977, 547 F.2d 1257, 1259; Hill v. Johnson, 5 Cir.1976, 539 F.2d 439, 440; Pierre v. U.S., 5 Cir.1976, 525 F.2d 933, 935-36.”
While allegations of cruel and unusual punishment in the prison system may be subject to judicial review within a court of proper jurisdiction, the complaints regarding the conditions of confinement in this case do not relate to the legality of the appellant’s confinement, nor do they relate to the legal sufficiency of the criminal proceedings which resulted in the incarceration of the appellant. Accordingly, habeas corpus is not available to appellant in complaining of mistreatment during an otherwise legal incarceration.
Appellant further contends that the abolishment of the Board of Corrections of the State of Alabama and the placing of the prison system under the authority of the Governor somehow rendered his confinement illegal. The Alabama Legislature abolished the State Board of Corrections effective October 1, 1979, and placed the Alabama prison system under the authority and control of the Governor. 1979 Ala. Acts 667, No. 426 (July 19, 1979). The Legislature was fully authorized to enact such legislation. We do not see how this could affect the legality of Taylor’s sentence in any way, and we find that this contention is without merit.
We must conclude that it is very clear from the petition in this case that appellant was not entitled to a writ of habeas corpus and that the judgment of the trial court dismissing the petition on motion of the State should be affirmed.
AFFIRMED.
All the Judges concur.