PER CURIAM.
On September 7, 2000, Paul Wayne Johnson, an inmate incarcerated in the Alabama penal system and proceeding pro se, sued Paul Whaley and Paul Sides, both individually and in their official capacities, alleging various violations of his constitutional rights and seeking equitable and injunctive relief pursuant to 42 U.S.C. § 1983. The defendants moved the court to dismiss Johnson’s complaint, pursuant to Rule 12(b)(6), Ala. R. Civ. P., contending that the complaint failed to allege any facts that demonstrate a violation of Johnson’s constitutional rights and contending that they were immune from suit. The trial, court entered an order on December 11, 2000, dismissing Johnson’s complaint. Johnson appeals.
Dismissal of a complaint for failure to state a claim is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Patton v. Black, 646 So.2d 8 (Ala.1994). This court does not consider whether the plaintiff will ultimately prevail, but, rather, whether he has stated a claim under which he may possibly prevail. Id.
Johnson’s complaint, construed most strongly in his favor, alleges the following facts: Whaley and Sides are employed by the Alabama Department of Corrections and serve on the Department’s Central Review Board. Johnson is serving two 15-year sentences running concurrently, for burglary and receiving stolen property. Johnson was classified as a minimum-security prisoner in July 1999 and was transferred to the J.O. Davis Correctional Facility in Atmore. The J.O. Davis facility is a level 2 facility. In March 2000, based on information received from the Central Review Board indicating that Johnson was the prime suspect in a 1992 murder investigation in Houston County, Johnson’s status was upgraded to the status of a medium-security prisoner, and he was transferred to Kilby Correctional Facility, which is a level 4 facility. Johnson does not dispute the fact that he is a suspect in the investigation.
' Johnson’s claims are unartfully pleaded, but it appears he is alleging that Whaley and Sides (1) conspired to violate his constitutional rights, (2) removed his custody classification and placed him in a *1115 more restrictive facility, (3) violated his rights to equal treatment of the law, (4) violated his right to be free from cruel and unusual punishment, and (5) acted in an arbitrary and capricious manner in removing him to a medium custody facility. Johnson seeks both equitable and injunc-tive relief and requests that the information regarding the murder investigation be removed from his file and that he be downgraded to minimum-security status and transferred back to the J.O. Davis facility.
Johnson relies upon Monroe v. Thigpen, 932 F.2d 1437 (11th Cir.1991). In Monroe, the inmate was serving a life sentence for murder. Among the information contained in the inmate’s prison file was information in the Presentence Investigation Report (“PSI”) stating that the coroner’s and the toxicologist’s investigations indicated that the victim had been raped. Additionally, the PSI also indicated that its author had personally interviewed the inmate and that the inmate had admitted almost everything in the report. These statements were admittedly false. However, the state officials relied upon these statements to classify the inmate as a sex offender and then to deny him parole. Id.
The inmate filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that he was being deprived of due process because false information contained in his prison file was being used to deny him fair consideration for parole and minimum-custody status. The inmate sought to have the information in the file expunged. The defendants argued that the inmate had failed to state a claim upon which relief could be granted, because he was not constitutionally entitled to parole or to a particular custody classification. The trial court entered a judgment in favor of the defendants. Id. In reversing the judgment of the trial court, the United States Court of Appeals for the Eleventh Circuit Court held that “by relying on the false information in [the inmate’s] file, the Board has exceeded its authority under [§ 15-22-26, Ala.Code 1975,] and treated [the inmate] arbitrarily and capriciously in violation of due process.” Id., at 1442.
The facts of Monroe are distinguishable from the facts of this case. In this case no false information has been relied on to deny Johnson parole. Rather, information that Johnson admits is true has been used to upgrade his security classification and to transfer him to another facility.
Our supreme court has stated:
“ ‘To state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs “must show that they have asserted a recognized ‘liberty or property’ interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law.” ’ ”
C.B. v. Bobo, 659 So.2d 98, 102-03 (Ala.1995), quoting Doe v. Taylor Indep. School Dist., 15 F.3d 443, 450-52 (5th Cir.1994), cert. denied, Lankford v. Doe, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994).
The United States Supreme Court has held that an inmate has no protectable liberty interest in a particular security classification or in confinement in a particular facility. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The Court stated in Meachum:
“[W]e cannot agree that any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause. The Due Process Clause by its own force forbids the State from convicting any person of crime and depriving him of his liberty without complying fully *1116 with the requirements of the Clause. But given a valid conviction,[1] the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution. The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant’s liberty interest to empower the State to confine him in any of its prisons.
“Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State’s institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.”
Meachum, 427 U.S. at 224-25, 96 S.Ct. 2532 (emphasis in original). The Supreme Court has further recognized that the administration of a prison system is a difficult task, and, therefore, that prison officials have broad administrative and discretionary authority to manage it and that lawfully incarcerated inmates retain only a narrow range of protected interests. Hewitt, supra. “ ‘Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.’ ” Hewitt, 459 U.S. at 467, 103 S.Ct. 864, quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Because of that fact, the Hewitt Court stated:
“ ‘As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate’s treatment by prison authorities to judicial oversight.’ Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). See also Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263, 63 L.Ed.2d 552 (1980).
“It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.”
Hewitt, 459 U.S. at 468, 103 S.Ct. 864.
Because Johnson has no protected interest in a particular security classification or in confinement in a particular facility, he has alleged in his § 1983 action no claim on which he could possibly prevail. Accordingly, the trial court properly dismissed his complaint.
AFFIRMED.
*1117 YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. Johnson does not question the validity of his conviction. In fact, he freely admits that he was duly convicted of the charges against him.