The appellant, Bradley Elliott Looney, appeals the denial of his petition for a writ of habeas corpus. For the following reasons, we transfer this case to the Court of Civil Appeals.
On August 31, 2001, Looney filed what he entitled a petition for a "writ of habeas corpus" in the Circuit Court of Limestone County — the county where he is incarcerated. He named the Department of Corrections and Wardens David Wise and Billy Mitchem as defendants. Looney challenged the conditions of his confinement, in part, arguing that he is being subjected to cruel and unusual punishment because there is no intercom system in the prison and the guards are unable to hear him yell for help if he is injured. At the end of the petition, Looney states:
 "Plaintiff further and foremost states that to avoid any interference pursuant to Rule 12(B)(6) of Civil Procedure that signifies a `motion to Dismiss, for Failure to State a Claim which Relief can be Granted' he asserts a claim in the sum for the amount [sic] of ($5,000 dollars) and immediately released from out of this bondage of incarceration or immediate renovation of such a detrimental means of housing persons unsafely."
(C.R.9.) On September 11, 2001, Looney filed a motion entitled a "Motion for Inquisitorial Compromise." In this motion Looney appears to explain the substance of his earlier pleading:
 "Plaintiff again states that he asserts the allegations of his complaint pursuant to 28 U.S.C. § 1343 section number (1), to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) to redress the deprivation, under color of any State law statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the `Constitution of the United States or by any Act of Congress' providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) to recover damages or to secure equitable or other relief under any `Act of Congress' providing for the protection of civil rights, including the right to vote."
(C.R.13.) Most of the above-quoted material from Looney's motion is a direct quote from 28 U.S.C. § 1343 — contained in a part of Title 28 entitled "Jurisdiction and Venue" — titled "Civil Rights and Elective *Page 1063 
Franchise." (This section is frequently cited in conjunction with42 U.S.C. § 1983. See Montanye v. Haymes, 427 U.S. 236,96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Preiser v. Newkirk,422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); and Newman v.Graddick, 740 F.2d 1513 (11th Cir. 1984)).
On September 12, 2001, Looney's petition was dismissed without prejudice because, the trial court stated, it failed to state a claim upon which relief could be granted. Looney filed a notice of appeal. The handwritten notice of appeal indicates that Looney wished to appeal the ruling to the Court of Civil Appeals. However, the notice of appeal completed by the circuit clerk's office indicates that the appeal was to the Court of Criminal Appeals. The record reflects that Looney inquired about whether the appeal had been misdirected; however, the case was ultimately delivered to this Court.
The Alabama Supreme Court has stated that we must look beyond the title of a motion or pleading to its contents. See Ex parteDeramus, [Ms. 1010923, June 7, 2002] ___ So.2d ___ (Ala. 2002). Looney's petition, though styled as a petition for a writ of habeas corpus, does not raise any claim that is cognizable in a habeas corpus petition. We have often stated that an inmate cannot challenge the conditions of his confinement in a habeas corpus petition. As we stated in Taylor v. State, 455 So.2d 270
(Ala.Crim.App. 1984):
 "The relief he seeks from alleged cruel and unusual treatment in the prison system is not cognizable under a writ of habeas corpus, and the appropriate remedy in this case for the claim of illegal conditions of confinement, if proved, would not be release from custody. Phillips v. State, 41 Ala.App. 393, 133 So.2d 512 (1961); Cook v. Hanberry, 596 F.2d 658 (5th Cir. 1979), revising 592 F.2d 248 (5th Cir. 1979), cert. denied, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979); Maddux v. Rose, 483 F.Supp. 661 (E.D.Tenn. 1980); Walker v. Graham, 438 So.2d 946 (Fla. 1983); Amek Bin Rilla v. Israel, 113 Wis.2d 514, 335 N.W.2d 384 (1983). The court stated in Cook v. Hanberry, [592 F.2d at 249]:
 "`Assuming arguendo that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner is still not entitled to release from prison. Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration. Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9, 12-13; see also Williams v. Steele, 8 Cir. 1952, 194 F.2d 917, cert. denied, 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640. The relief from such unconstitutional practices, if proved, is in the form of equitably-imposed restraint, not freedom from otherwise lawful incarceration. See Konigsberg v. Ciccone, W.D.Mo. 1968, 285 F.Supp. 585, 589, aff'd, 8 Cir. 1969, 417 F.2d 161, cert. denied, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255
(1970). This is because the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. See Rheuark v. Shaw, 5 Cir. 1977, 547 F.2d 1257, 1259; Hill v. Johnson, 5 Cir. 1976, 539 F.2d 439, 440; Pierre v. U.S., 5 Cir. 1976, 525 F.2d 933, 935-36.'
 "While allegations of cruel and unusual punishment in the prison system may be subject to judicial review within a court of proper jurisdiction, the complaints regarding the conditions of confinement in this case do not relate to the legality of the appellant's confinement, nor do they relate to the legal sufficiency of the criminal proceedings which resulted in the incarceration of the appellant. *Page 1064 
Accordingly, habeas corpus is not available to appellant in complaining of mistreatment during an otherwise legal incarceration."
455 So.2d at 270-71.
Looney's pleadings appear to assert a civil liberties violation and to request monetary relief — an action akin to a42 U.S.C. § 1983 cause of action. Such actions have been characterized by the United States Supreme Court as personal-injury actions. SeeWilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254
(1985). Appeals from personal-injury actions are not within the jurisdiction of this Court. Section 12-3-9, Ala. Code 1975, defines the jurisdiction of this Court and states:
 "The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
Personal-injury actions where the damages do not exceed $50,000 are within the jurisdictional parameters of the Alabama Court of Civil Appeals. See § 12-3-10, Ala. Code 1975. The Court of Civil Appeals has entertained appeals from similar actions in the past. See Johnson v. State, 797 So.2d 1113 (Ala.Civ.App. 2001);Sanders v. Shoe Show, Inc., 778 So.2d 820 (Ala.Civ.App. 2000).
This Court has noticed an increase in cases similar to this appeal. It is common for some circuits not to require the payment of filing fees when a petition for a writ of habeas corpus is filed. It would appear that inmates may be manipulating the system by mislabeling petitions to avoid paying a filing fee in the circuit court. These petitions do not raise claims that are cognizable in a habeas corpus petition but instead ask for injunctive and monetary relief.
For the foregoing reasons, this case is transferred to the Court of Civil Appeals.
CASE TRANSFERRED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.