PER CURIAM.
Jeffrey Scott Gibson, James Hezzie Sparks, Johnny D. Lane, David Alan Hampton, and Tony Ellis (hereinafter collectively referred to as “the petitioners”) are each incarcerated in the Winston County jail on contempt orders related to each petitioner’s failure to pay child support. Judge Michael Newell, acting as a juvenile court judge for the Winston Juvenile Court, entered judgments finding Gibson, Lane, and Ellis in contempt for failure to pay child support as ordered by the court, and he ordered each arrested. As a result, Gibson has been incarcerated since July 24, 2009, Lane has been incarcerated since October 21, 2009, and Ellis has been incarcerated since August 17, 2009. Judge Newell also presided over domestic-relations actions in the Winston Circuit Court (“the circuit court”) in which he found Sparks and Hampton in contempt for their failure to pay court-ordered child support, and he ordered that those two petitioners be arrested. Sparks has been incarcerated since late May 2009, and Hampton has been incarcerated since November 23, 2009. None of the petitioners timely appealed the contempt orders pursuant to which they are incarcerated.
The record indicates that, in December 2009, Judge Newell conducted a hearing for each petitioner and offered to release each upon the payment of 25% of the amount of the petitioner’s accrued child-support arrearage. There is no written order documenting those conditions for release.
On April 12, 2010, the petitioners each initiated new actions by filing in the circuit court a petition for a writ of habeas corpus seeking their release from incarceration. In those petitions for habeas relief, each petitioner alleged that he was unable to *324 pay the amount required to secure his freedom.
The habeas petitions were assigned to Judge John Bentley, who, on April 16, 2010, conducted a joint hearing on all five of the habeas petitions. At the hearing, Judge Bentley heard only arguments of counsel but did not take ore tenus evidence. Each petitioner argued that he lacked the ability to comply with the terms for his release, that continued incarceration did not have the effect of coercing compliance because of his alleged inability to comply, and that the continued incarceration, under the facts, violated his due-process rights.
Following the hearing, on April 23, 2010, the petitioners each filed a purported Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate a judgment, although Judge Bentley had not yet issued judgments ruling on the habeas petitions.[1] On May 5, 2010, Judge Bentley entered judgments dismissing all five actions for a purported lack of jurisdiction because the habeas petitions had not been considered by Judge Newell. One of the dismissal orders stated: “Court has no jurisdiction. Judge Newell sits as circuit judge in these matters pursuant to Admin. Order & statute.” [2] Each petitioner appealed; this court has consolidated the appeals.
In their appeals of the denial of their habeas petitions, the petitioners fail to address the circuit court’s finding that this matter should have been addressed to Judge Newell. Rather, the petitioners argue only that the “circuit court” has jurisdiction over habeas petitions arising in civil actions. Under § 15-21-6, Ala.Code 1975, the circuit court in the county in which the petitioners are incarcerated has jurisdiction to consider the habeas petitions; that section requires that the petition be addressed to a circuit judge. Section 15-21-6 specifies:
“(a) When the person is confined in a county jail or any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit court judge.
“(b) When the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.
“(c) In all other cases, it may be addressed to any one of them, and when the person is confined in any other place than the county jail or the penitentiary and on any other than a criminal charge, it may be addressed to any circuit court judge.”
(Emphasis added.)
All circuit courts have the authority to issue a writ of habeas corpus. Ex parte Culbreth, 966 So.2d 910, 912 (Ala.2006). In Ex parte Culbreth, supra, our supreme court explained that § 15-21-6 implicates the issue of proper venue, rather than jurisdiction. “Venue ... addresses ‘[t]he county or other territory over which a trial court has jurisdiction.’ Black’s Law Dictionary 1591 (8th ed.2004).” Ex parte Culbreth, 966 So.2d at 912. In that case, *325 because the record failed to demonstrate that the State had properly objected on the basis of venue, our supreme court held that the trial court had erred in dismissing the petitioner’s habeas petition. Ex parte Culbreth, supra.
Before this court, the State argues that the circuit court lacked jurisdiction to consider the habeas petitions based on § 15-21-23, Ala.Code 1975, which provides:
“On the return of a writ of habeas corpus, no court or judge has authority to inquire into the regularity or justice of any order, judgment, decree or process of any court legally constituted, nor into the justice or propriety of any commitment for contempt made by a court, officer or body according to law and charged in such commitment.”
The State contends that the habeas petitions must fail because, it says, the circuit court had jurisdiction over the contempt orders pursuant to which the petitioners are incarcerated. In explaining § 15-21-23, the Court of Criminal Appeals has stated:
“A petition for writ of habeas corpus furnishes no basis for relief from imprisonment or detention if and when the petition or application clearly discloses as the cause of the petitioner’s detention or imprisonment, that the court rendering judgment of conviction and sentence was acting within its jurisdiction in rendering such judgment.”
Boykin v. State, 432 So.2d 17, 19 (Ala.Crim.App.1983).
However, the petitioners in this case do not attack the contempt orders themselves. Rather, they contend in their habeas petitions that, in setting the conditions of their release on the contempt orders, Judge Newell exceeded his permissible jurisdiction by issuing the orders requiring their continued, allegedly unlawful incarceration. “ ‘ “[T]he sole function of habeas corpus is to provide relief from unlawful imprisonment or custody.” ’ ” Looney v. State, 881 So.2d 1061, 1063 (Ala.Crim.App.2002) (quoting Taylor v. State, 455 So.2d 270, 271 (Ala.Crim.App.1984), quoting in turn Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.1979)).
We conclude that the petitioners’ habeas petitions properly invoke the jurisdiction of the circuit court, that venue under § 15-21-6 is proper in the circuit court, and that Judge Bentley, as a circuit court judge, may properly consider the habeas petitions. Accordingly, we must conclude that Judge Bentley erred in dismissing the ha-beas petitions. We reverse the judgments of dismissal and remand the cause for Judge Bentley to conduct an evidentiary hearing on the habeas petitions.
REVERSED AND REMANDED.
All the judges concur.

. A valid postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., may be taken only in reference to a final judgment.

. Each of the judgments denying the writs for habeas relief is handwritten on the purported postjudgment motion filed in each action. The judgment in case no. CV-10-38 pertaining to Gibson is quoted in the opinion. The other dismissal judgments each deny the petitions by referencing the order entered in the action pertaining to Gibson.